OPINION
{¶ 1} On October 12, 1988, the Delaware County Grand Jury indicted appellant, Gordon Wilson, on two counts of aggravated burglary in violation of R.C. 2911.11. On December 21, 1988, appellant pled guilty as charged. By judgment entry filed January 5, 1989, the trial court ordered appellant to treatment and rehabilitation for a period not to exceed three years. On September 26, 1989, the trial court sentenced appellant to an aggregate term of five to twenty-five years in prison. On April 25, 1990, the trial court suspended appellant's incarceration in lieu of five years probation.
 {¶ 2} On September 6, 1991, the state filed a motion to revoke appellant's probation. A hearing was held on September 12, 1991. By judgment entry filed September 13, 1991, the trial court granted said motion and imposed the original five to twenty-five year sentence.
 {¶ 3} On December 2, 2002, appellant filed a motion to withdraw his plea. By judgment entry filed January 30, 2003, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 1} "The trial court created a manifest injustice when it did not explain the nature of the offenses in which the appellant entered a plea of guilty."
 II {¶ 2} "The trial court abused its discretion when it denied the appellant's motion to withdraw his plea."
 I, II {¶ 3} Appellant claims the trial court abused its discretion in denying his motion to withdraw his plea. Specifically, appellant claims a manifest injustice based on the voluntariness of his plea, and claims the facts do not lead to a conviction for aggravated burglary. We disagree.
 {¶ 4} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 5} Following a motion for treatment in lieu of conviction, appellant was arraigned and pled guilty on December 21, 1988. During the hearing, the trial court explained the nature of the charges and possible penalties, went through a detailed recitation of appellant's constitutional rights as to each count of the indictment, and examined appellant as to his mental condition and capacity. T. at 6-12. The trial court then proceeded into the colloquy mandated by Crim.R. 11. T. at 13-21.
 {¶ 6} In his brief at 4, appellant argues the trial court "failed to inform the appellant of the nature of the offenses." We find the record does not support this assertion. The trial court specifically notified appellant of the charges and possible penalties and asked appellant if he understood the elements of the offenses. T. at 14-16. Appellant replied in the affirmative. T. at 14. The trial court then proceeded through the indictment, asking appellant questions on each element of the offenses. T. at 22-26. Appellant admitted he did not have the permission of the owner to enter the residence, and he took some of the owner's personal belongings. T. at 25-26.
 {¶ 7} Based on extensive questioning, the trial court found appellant's plea to be voluntary. Upon review, we concur.
 {¶ 8} Appellant further claims he should be permitted to withdraw his guilty plea because he "did not commit the offense of Aggravated Burglary when none of the elements of the offense correspond to the facts of the case." Appellant's Brief at 6.
 {¶ 9} Appellant was convicted of aggravated burglary in 1988. At that time, said crime consisted of the following (R.C. 2911.11):
 {¶ 10} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:
 {¶ 11} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 12} "(2) The offender has a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control;
 {¶ 13} "(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."
 {¶ 14} Although this particular section is no longer applicable, it nevertheless was valid law at the time of the offense.
 {¶ 15} As stated supra, appellant admitted to trespassing in the occupied structure of Carolyn Fraley on two occasions without her permission, and her daughter's presence was expected at the time. T. at 22-26.
 {¶ 16} Upon review, we find no evidence of any manifest injustice.
 {¶ 17} Assignments of Error I and II are denied.
 {¶ 18} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J., and Wise, J. concur.